UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
EDSON ESTIME,                                           :
                                                        :
                Plaintiff,                   :
                                                        : Case No.: 16 Civ. 6205
      - against -                                      :
                                                        : **COMPLAINT**
COLLAZO ASSOCIATES, INC. d/b/a MEADOWBROOK              :
SWEEPING, and KEVIN COLLAZO, individually,              :
                                                        :
                Defendants.                  :
------------------------------------------------------------------------- X

        Plaintiff Edson Estime, by and through his attorneys Shulman Kessler LLP, complaining of Defendant Collazo Associates, Inc. d/b/a Meadowbrook Sweeping ("Collazo Associates, Inc.") and Kevin Collazo (collectively, "Defendants"), allege as follows:

## **INTRODUCTION**

        1.     This lawsuit seeks to recover unpaid overtime and minimum wage pay for Plaintiff, based upon Defendants' violation of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 201, *et seq.*, the New York Labor Law ("NYLL" or "N.Y. Lab. Law"), and other appropriate rules, regulations, statutes, and ordinances.  As described below, Plaintiff was employed by Defendants as a helper and then a street sweeper consistently working over 40 hours per week.  Although Plaintiff worked more than 40 hours per week, Defendant never paid him overtime premiums for these overtime hours.  And, while employed as a helper, Defendants paid him less than the minimum wage.

        2.     Plaintiff also seeks back wages under NYLL because while employed as a helper, Plaintiff worked a spread of over 10 hours and earned less than the minimum wage for all hours worked, but was not paid an additional hour's pay at the minimum wage ("spread-of-hours pay").

3. Lastly this lawsuit seeks to recover statutory damages for Defendants' failure to provide proper wage statements and hiring notices, in violation of the NYLL and appropriate rules and regulations.

## JURISDICTION & VENUE

4. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

6. Defendants do business in Nassua County, within the Eastern District of New York, maintaining a place of business at 19 Seabro Avenue, Amityville, New York 11701.

7. Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

*Plaintiff Edson Estime*

8. Estime is a resident of Suffolk County, State of New York.

9. At all times relevant to this Complaint, Estime was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

10. At all times relevant, Estime was employed by Defendants as a helper and as a street sweeper to sweep parking lots, pick up refuse, and dispose of the refuse for Defendants.

11. Estime has expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A).

*Defendant Collazo Associates, Inc.*

12. Upon information and belief, Collazo Associates, Inc. was and still is a domestic corporation organized and existing pursuant to the laws of the State of New York.

13. Upon information and belief, Collazo Associates, Inc.'s principal place of business was and still is at 19 Seabro Avenue, Amityville, New York 11701.

14. Upon information and belief, and at all times hereinafter mentioned, Collazo Associates, Inc. was and still is engaged in the business of street sweeping and parking lot cleaning.

15. Upon information and belief, and at all times hereinafter mentioned, Collazo Associates, Inc. employed its helpers and street sweepers, including Plaintiff, to provide its services to various malls and shopping centers through Nassau and Suffolk Counties.

16. At all times hereinafter mentioned, Collazo Associates, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

17. At all times hereinafter mentioned, the activities of Collazo Associates, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

18. At all times hereinafter mentioned, Collazo Associates, Inc. employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s)(A)(i).

19. At all times hereinafter mentioned, Collazo Associates, Inc.'s annual gross volume of sales made or business done is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

*Defendant Kevin Collazo*

20. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo owns and/or operates Collazo Associates, Inc.

21. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo is the President of Collazo Associates, Inc.

22. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo is the Vice-President of Collazo Associates, Inc.

23. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo is a shareholder of Collazo Associates, Inc.

24. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo is a corporate officer of Collazo Associates, Inc.

25. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo is the Chief Executive Officer of Collazo Associates, Inc.

26. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo is an agent of Collazo Associates, Inc.

27. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo has the authority over personnel decisions for Collazo Associates, Inc.

28. For instance, Kevin Collazo decided to promote Estime from a helper to a street sweeper.

29. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo has the authority over payroll decisions for Collazo Associates, Inc.

30. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo supervises employees of Collazo Associates, Inc.

31. Upon information and belief, and at all times hereinafter mentioned, Kevin Collazo has the authority to hire and fire employees for Collazo Associates, Inc.

32. For instance, Kevin Collazo hired Estime.

33. Kevin Collazo has the power to make binding decisions for Collazo Associates, Inc.

34. For instance, Kevin Collazo offered Estime severance upon his termination from Collazo Associate, Inc. through a proposed severance agreement and release.

35. Kevin Collazo has the power to transfer the assets or liabilities of Collazo Associates, Inc.

36. Kevin Collazo has the power to declare bankruptcy on behalf of Collazo Associates, Inc.

37. Kevin Collazo has the power to enter into contracts on behalf of Collazo Associates, Inc.

38. For example, upon information and belief, Kevin Collazo negotiated with and contracted with Collazo Associates, Inc.'s customers.

39. At all times hereinafter mentioned, Kevin Collazo was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## **FACTS**

40. Estime was an employee of Defendants, working under their direct supervision.

41. Estime was employed by Defendants from in or about August 2012 until in or about July 15, 2015.

42. Estime was employed by Defendants as a helper from in or about August 2012 through April 2013.

43. As a helper, Estime worked outside of Defendants' street sweeping truck to pull garbage bags out of the trash cans, and clear the sidewalks, grassy areas, grates, and other parts of the "outer parking lot" so the street sweeper could collect that refuse easily.

44. Defendants suffered or permitted Plaintiff to work for them as a helper.

45. At all times while Plaintiff worked as a helper, Defendants knew or should have known that Plaintiff was working as a helper for Defendants.

46. For instance, at certain times, Defendants did not hand Plaintiff his wages while he was employed as helpers, Defendants paid the street sweeper, with whom Plaintiff worked side-by-side, additional compensation to be paid to Plaintiff.

47. During other periods of time while Plaintiff was employed as helpers, Defendants paid Plaintiff directly.

48. Upon information and belief, at all times while Plaintiff worked as a helper, Defendants knew or should have known that Plaintiff was riding in Defendants' street sweeping trucks for work-related reasons each work night.

49. Estime was employed by Defendants as a street sweeper from in or about April 2013 through July 15, 2015

50. As a street sweeper, Estime primarily drove Defendants' street sweeping truck from parking lot to parting lot, sweeping the lots of Defendants' customers, picking up refuse, and disposing of the refuse for Defendants.

6

51. At all times hereinafter mentioned, Estime was required to be paid overtime pay at the statutory rate of one and one-half times his regular rate of pay after he had worked 40 hours in a workweek.

52. In the three years prior to the filing of the Complaint (the "FLSA Period"), Estime worked more than 55 or 75 hours for Defendants in most of the workweeks Estime was employed by Defendants.

53. Throughout most workweeks in which Estime was employed by Defendants in the FLSA Period, Defendants failed to compensate Estime for all hours worked in excess of 40 hours per week at a rate of at least one and one-half times his regular hourly rate.

54. In the six years prior to the filing of the Complaint (the "NYLL Period"), Estime worked more than 55 or 75 hours per week for Defendants in most of the workweeks Estime was employed by Defendants.

55. Throughout most workweeks in which Estime was employed by Defendants in the NYLL Period, Defendants failed to compensate Estime for all hours worked in excess of 40 hours per week at a rate of at least one and one-half times his hourly regular rate.

56. While employed as a helper, Estime was denied the minimum wage because Defendants only paid him approximately $40 per shift, for shifts that regularly exceeded 10 per shift.

57. While employed as a helper, Defendants did not pay Estime spread-of-hours pay, even though he regularly worked a spread of hours that exceeded 10 hours per shift.

58. Upon information and belief, Defendants did not keep accurate records of hours worked by Estime.

59. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets and payroll records throughout most workweeks that Estime was employed for Defendant.

60. Defendants failed to furnish Estime with an annual wage notice in February 2013 and February 2014, as was required by the NYLL.

61. Defendants failed to furnish Estime with a wage notice when Defendants hired him, as was required by the NYLL.

62. Defendants failed to furnish Estime with accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

## AS AND FOR A FIRST CAUSE OF ACTION ON
## FOR FAILURE TO PAY OVERTIME
## AN FLSA VIOLATION

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Plaintiff was a non-exempt employee and is entitled to be paid overtime compensation for all overtime hours worked.

65. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

66. The complete records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiff is unable to state at this time the exact amount due and owing to him.

67. Defendants failed to keep accurate records of time worked by Plaintiff.

68. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

69. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

70. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255.

71. Plaintiff has expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

72. As a consequence of the willful underpayment of wages, alleged above, Plaintiff incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorney's fees, and costs in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME A NYLL VIOLATION

73. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants employed Plaintiff for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of the NYLL.

75. The complete records concerning the number of hours worked by Plaintiff as well as the compensation Plaintiff received in workweeks in which excess hours were worked are in the

exclusive possession and control of Defendants, and as such, Plaintiff is unable to state at this time the exact amount due and owing to him.

76. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

77. By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

78. Defendants' failure to pay overtime compensation to Plaintiff was willful within the meaning of N.Y. Lab. Law § 663.

79. As a consequence of the willful underpayment of wages, alleged above, Plaintiff incurred damages thereby and Defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorney's fees, and costs in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR FAILURE TO PAY MINIMUM WAGE
### A FLSA VIOLATION

80. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81. Plaintiff was Defendants' employee within the meaning of 29 U.S.C. § 203(e)(1).

82. Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d).

83. Although the applicable federal minimum wage is codified by 29 U.S.C. § 206(a)(1), Defendants willfully failed to pay Plaintiff the minimum wages for hours worked, in violation of FLSA, 29 U.S.C. § 206(a).

84. As a consequence of the willful underpayment of wages, alleged above, Plaintiff incurred damages thereby and Defendants are indebted to him in the amount of the unpaid minimum

wages, together with interest, liquidated damages, attorney's fees, and costs in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR FAILURE TO PAY MINIMUM WAGE
### A NYLL VIOLATION

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. N.Y. Lab. Law § 652(1) and 12 N.Y.C.R.R. § 142-2.1 required Defendants to pay Plaintiff at or above the following New York minimum wage rates: $7.25 per hour on or after July 24, 2009; $8.00 per hour on or after December 31, 2013; and $8.75 per hour on or after December 31, 2014.

87. Defendant willfully failed to pay Plaintiff the minimum wages for hours worked, in violation of N.Y. Lab. Law § 650 *et seq.*

88. As a consequence of the willful underpayment of wages, alleged above, Plaintiff incurred damages thereby and Defendants are indebted to him in the amount of the unpaid minimum wages, together with interest, liquidated damages, attorney's fees, and costs in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR FAILURE TO PAY SPREAD-OF-HOURS PAY
### A NYLL VIOLATION

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. Defendants knowingly, willfully, and intentionally violated 12 N.Y.C.R.R. § 142-2.4 when Defendants failed to provide Plaintiff one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage, on days where Plaintiff's spread of hours exceeded 10 hours.

91. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, reasonable attorneys' fees, costs, liquidated damages, and pre- and post-judgment interest.

**AS AND FOR THE SIXTH CAUSE OF ACTION
FOR VIOLATION OF NOTICE AND RECORD-KEEPING REQUIREMENTS
A NYLL VIOLATION**

92. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

93. Defendants failed to supply Plaintiff notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

94. Defendants failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

95. Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendant to provide a proper wage notice at the time of hiring from April 9, 2011 through February 26, 2015, Plaintiff is entitled to damages of $50, or a total of $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

96. Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendant to provide a proper wage notice at the time of hiring from February 27, 2015 through the present, Plaintiff is entitled to damages of $50, or a total of $5,000, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

97. Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendant to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiff is entitled to damages of $100, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

98. Due to Defendants' violations of N.Y. Lab. Law § 195, for each day that Defendant to provide a proper wage statement from February 27, 2015 through the present, Plaintiff is entitled to damages of $250, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief, on the first cause of action:

a. Judgment against Defendants for Plaintiff's unpaid back wages at the applicable overtime rate;

b. An equal amount to the overtime wage damages as liquidated damages;

c. Judgment against Defendants that their violations of the FLSA were willful;

d. To the extent liquidated damages are not awarded, an award of prejudgment interest;

e. All costs and attorneys' fees incurred prosecuting these claims; and

 f. For such further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff prays for the following relief, on the second cause of action:

 a. Judgment against Defendants for Plaintiff's unpaid back wages at the applicable overtime rate;

 b. Liquidated damages at the applicable rate;

 c. An award of prejudgment interest;

 d. All costs and attorneys' fees incurred in prosecuting these claims;

 e. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*; and

 f. For further relief as this Court deems just and equitable.

WHEREFORE, Plaintiff prays for the following relief, on the third cause of action:

 a. Judgment against Defendants for Plaintiff's unpaid back wages at the applicable minimum wage rate;

 b. An equal amount to the minimum wage damages as liquidated damages;

 c. Judgment against Defendants that their violations of the FLSA were willful;

 d. To the extent liquidated damages are not awarded, an award of prejudgment interest;

 e. All costs and attorneys' fees incurred prosecuting these claims; and

 f. For such further relief as the Court deems just and equitable.

WHEREFORE, Plaintiff prays for the following relief, on the fourth cause of action:

 a. Judgment against Defendants for Plaintiff's unpaid back wages at the applicable minimum wage rate;

 b. Liquidated damages at the applicable rate;

 c. An award of prejudgment interest;

 d. All costs and attorneys' fees incurred in prosecuting these claims;

    e. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*; and

    f. For further relief as this Court deems just and equitable.

WHEREFORE, Plaintiff prays for the following relief, on the fifth cause of action:

    a. Judgment against Defendants for Plaintiff's spread-of-hours wages;

    b. Liquidated damages at the applicable rate;

    c. An award of prejudgment interest;

    d. All costs and attorneys' fees incurred in prosecuting these claims;

    e. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*; and

    f. For further relief as this Court deems just and equitable.

WHEREFORE, Plaintiff prays for the following relief, on the sixth cause of action:

    a. Damages $50 for each workweek after April 9, 2011 through February 26, 2015 Defendants failed to provide Plaintiff with accurate wage notice at the time of hiring, or a total of $2,500, as provided for by N.Y. Lab. Law § 198;

    b. Damages $50 for each day since February 27, 2015 Defendants failed to provide Plaintiff with accurate wage notice at the time of hiring, or a total of $5,000, as provided for by N.Y. Lab. Law § 198;

    c. Damages $100 for each workweek that April 9, 2011 through February 26, 2015 Defendants failed to provide Plaintiff with accurate wage statements, or a total of $2,500, as provided for by N.Y. Lab. Law § 198;

    d. Damages $250 for each day since February 27, 2015 Defendants failed to provide Plaintiff with accurate wage statements, or a total of $5,000, as provided for by N.Y. Lab. Law § 198;

    e. All costs and attorneys' fees incurred prosecuting these claims;

    f. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*; and

    g. For such further relief as the Court deems just and equitable.

Dated: Melville, New York
      November 8, 2016                        Yours, etc.,

                                            **SHULMAN KESSLER LLP**

                                 By:  /s/ *Garrett Kaske*
                                         Troy L. Kessler
                                         Garrett Kaske
                              *Attorneys for Plaintiff*
                              534 Broadhollow Road, Suite 275
                              Melville, New York 11747
                              (631) 499-9100